IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-00079-F-2
No. 5:16-CV-00825-F

| | |
|---|---|
| KEVIN RAY HALES, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-478] Kevin Ray Hales' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-449]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, the Government's Motion to Dismiss is ALLOWED and Hales' Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On April 23, 2014, Hales was named in four counts of a twenty-two count indictment. *See* Indictment [DE-1]. In Count One, Hales was charged with conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. *See id.* Counts Fourteen and Twenty-Two charged Hales with possession of pseudoephedrine with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. *See id.* In Count Twenty-One, Hales was charged with possession of equipment, chemicals, products, and material with the intent to manufacture methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C.

§ 2. *See id.*

At his arraignment, held on November 4, 2014, Hales pled guilty to Count One pursuant to a written plea agreement [DE-205]. The Government agreed that at sentencing, it would move to dismiss Counts Fourteen, Twenty-One, and Twenty-Two. *Id.* at 6.

Hales' sentencing was held on September 30, 2015, and he was sentenced to 175 months' imprisonment and a lifetime term of supervised release. *See* Judgment [DE-368]. Hales was ordered to pay a fine in the amount of $14,300.00. *See id.* Hales did not file a direct appeal.

On September 28, 2016, Hales filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-449]. In his § 2255 motion, Hales' sole claim is that the term of supervised release he received was excessive. *Id.* at 4. On December 9, 2016, the Government filed a Motion to Dismiss [DE-478], arguing that Hales has failed to state a claim upon which relief can be granted.

## II. Legal Standards

### A. 28 U.S.C. § 2255

Hales filed the instant motion pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). With a § 2255 motion, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). When deciding a § 2255 motion, the court need not hold a hearing

2

when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). When conducting the § 2255(b) review, *pro se* filings are held to a less stringent standard. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## B. Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

3

### III. Discussion

**Hales has procedurally defaulted the sole issue he raises.**

Hales argues that his term of supervised release was excessive. Mot. Vacate [DE-449] at 4.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotations and citations omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, a movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception to default, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In this case, as noted, Hales did not file a direct appeal. Moreover, Hales has not attempted to demonstrate cause and prejudice, or that he is actually innocent. Thus, Hales has failed to meet the standard for overcoming his procedural default. *See Pahutski v. United States*,

4

Nos. 3:07-CR-00211-MR-1, 3:12-CV-00308-MR, 2014 WL 2208923, at *4 (W.D.N.C. May 28, 2014) (dismissing a procedurally defaulted claim in a § 2255 motion). Consequently, Hales' claim is procedurally defaulted and must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-478] is ALLOWED and Hales' Motion to Vacate [DE-449] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, a petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the _19_ day of January, 2017.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge